IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  08-cv-00514

In re: TOWNHOMES AT HILL TOP, LLC,

      Debtor,

---

JEANNE Y. JAGOW, TRUSTEE

      Plaintiff ,

v.

TOP HILL, LLC; JOHN A. KORAL, and
LEE D. WEINSTEEN,

      Defendants.

---

## ORDER DENYING MOTION FOR WITHDRAWAL OF REFERENCE

---

THIS MATTER comes before the Court on Defendants' Motion for Withdrawal of

Reference, dated February 20, 2008 (docket #1).  On February 21, 2008, interested

parties were given notice and opportunity to file a Response and a Reply to the

Response to the Motion for Withdrawal of Reference.  Plaintiff, Trustee, filed a

Response to the Motion Withdrawal of the Reference, dated February 28, 2008. These

documents were transmitted from Bankruptcy Court and assigned to this Court on

March 12, 2008.  No Reply to the Response to the Motion was filed.


I.      BACKGROUND

This case involves disputes over ownership of plans and records for a town

home construction project and ownership of claims against suppliers in the bankruptcy

proceeding below.  In an Order dated December 20, 2007, the Bankruptcy Judge

ordered Koral and Weinstein, Defendants in this action, to surrender to the trustee

> "all of the following property and recorded information of the Debtor and of
> the Estate, in tangible electronic form, including all originals and copies of
> the same ("Plans and Records" which was in their possession or subject
> to their control on the date this case was converted from Chapter 11 to
> Chapter 7 (i.e., January 4, 2007):
>      a.      The Debtor's construction plans and records, including
> (without limitation) the originals and copies of all architectural drawings,
> other drawings, original stamped City approval construction plans, original
> permits, original City inspections, all original inspection cards issued by
> the City and County of Denver,
>      b.      Correspondence, proposals, designs, specifications,
> contracts, bills, invoices, shipping documentation, construction reports and
> documentation, and information, relating to contractors, subcontractors,
> and other persons who delivered materials or provided services to the
> Debtor or the Debtor's real estate project, and
>      c.      Correspondence, contracts, materials generated in
> conjunction with prepetition mechanics lien litigation in connection with the
> Project, and copies of all such documents."

ORDER OF BANKRUPTCY JUDGE, at ¶ 3 (Dec. 20, 2007).  This Order also provided

that

> Debtor may make copies of all documents turned over. (However, this ¶4
> is not intended to prejudice any purported claims the Trustee may have
> against the Debtor, Top Hill, LLC, or Messrs Koral and Weinstein,
> including any purported claims for conversion or injunctive relief in respect
> to copies.

*Id.* ¶.  Koral and Weinstein control both the Debtor and the Debtor's because Koral and

Weinstein control both the Debtor and the Debtor's largest secured creditor, Top Hill,

LLC, an entity formed by Koral and Weinstein to acquire the bank's deed of trust against

the town home construction project.  *See* Pl.'s Resp. to Def.'s Mot. for Withdrawal of

Reference, at 2.

The complaint seeks a declaratory judgment clarifying issues of ownership of

"plans and records" and "claims against suppliers" between and among the parties to

this proceeding.  The complaint also seeks to prevent the defendants from retaining or

using copies of the plans and records.  The first claim seeks a declaratory judgment that

the plans and records are property of the bankruptcy estate, free and clear of any

claims, liens, and interests of Top Hill.  The second claim seeks  judgment avoiding any

lien of Top Hill in the plans and records and declaring that the plans and records are

property of the Estate, free and clear of any claims and interests of Top Hill.  The third

claim seeks a judgment compelling Defendants to immediately deliver all copies of the

plans and records in their possession or control to Trustee.  The fourth claim, which is

not mentioned in the Motion for Withdrawal, seeks a judgment declaring that Top Hill

has no presently enforceable right to require an assignment of the claims against

suppliers, avoiding any interest of Top Hill in the Claims against suppliers, and declaring

that the claims against suppliers are property of the Estate, free and clear of any claims

and interests of Top Hill.

The Defendants have moved to withdraw these claims from the Bankruptcy Court

to this Court pursuant to 28 U.S.C. § 157.  The basis of Defendants' motion is that the

first two claims are subservient to the third claim, which requests injunctive relief,

including prohibition of use and delivery of the copies, remedies that the Defendant

argues are only provided for under the Copyright Act, 17 U.S.C. § 502.  *See* Defs.' Mot.

for Withdrawal at ¶¶ 8-11. The Defendants' position is that these claims are preempted by the Copyright Act and that withdrawal is appropriate under either the mandatory or permissive withdrawal provisions of 28 U.S.C. § 157(d). *Id.* at ¶¶ 12-14. In response, Plaintiff argues that her claims do not arise out of the Copyright Act, that said her claims are not preempted by the Copyright Act,[1] and that withdrawal of the reference is not warranted.

II.    ANALYSIS

28 U.S.C. § 157(d) sets forth the standards for withdrawal. The statute provides for both permissive and mandatory withdrawal. *In re Baker*, 86 B.R. 234, 237 (D.Colo. 1988). Specifically, the statute states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157(d). Thus, withdrawal is only required when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization or activities affecting interstate commerce." Although a literal reading of the statute suggests that withdrawal is required any time non Chapter 11 laws are involved, courts have interpreted § 157 differently. *See In re Baker*, 86 B.R. 234, 237 (D.Colo. 1988); *In re Lenard*, 124 B.R. 101, 102 (D.Colo. 1991). The law has

---

[1]Defendants also filed a Motion to Dismiss on the grounds that Plaintiff's claims are preempted by the Copyright Act and that Plaintiff has failed to state a claim under the Copyright Act. This Motion to Dismiss is not before me.

been construed so as to only require withdrawal if the district court "can make an affirmative determination that resolution of the claims will require *substantial* and *material* considerations of those non-code statutes." *Id.* (emphasis in original). Courts have found substantial and material consideration arises "when a determination of issues requires a significant *interpretation* of federal law that congress would have intended to have decided by a district judge" and where "issues arising under non-title 11 laws dominated those arising under title 11." *Id.* (emphasis in original). Thus, courts have distinguished between having to make a significant interpretation of the law and merely applying the law as established to the facts in the case. If the bankruptcy court is only required to do the latter, then mandatory withdrawal is not warranted. *Id.*

For purposes of this motion, I need not determine whether or not the Copyright Act preempts Plaintiff's claims. The sole issue before me is whether resolution of that issue will require substantial and material consideration of the Copyright Act. The standard for whether a claim is preempted by the Act is set forth in *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1199 (10th Cir. 2005).

> Although the Act preempts state copyright law, it does not eliminate all state law actions. For example, conduct that may give rise to a federal suit for copyright infringement may also give rise to a state law claim in tort for unfair competition, tortious interference, or breach of contract. However, 17 U.S.C. § 301(a) preempts such claims if "1) the work is within the scope of the 'subject matter of copyright' as specified in 17 U.S.C. 102 and 103; and 2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. 106." *Gates Rubber Co. v. Bando Chem. Indus.,* 9 F.3d 823, 847 (10th Cir.1993). On the other hand, if "a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright

infringement claim." *Id*

At least three other courts have found that proceedings implicating the Copyright Act did not warrant withdrawal of the proceedings from a Bankruptcy Judge. *See In re Merryweather Importers Inc.*, 179 B.R. 61(D. Md. 1995); *In re Bicoastal Corp.*, 130 B.R. 597 (M.D. Fl. 1991); *In re Franklin Computer Corp.*, 60 B.R. 795 (E.D. Pa. 1986). Defendant has cited no example where a court found that withdrawal was required because the Copyright Act might be implicated. I find that determining whether the Copyright Act has preempted the Plaintiff's claims and whether the Plaintiff has stated a claim under the Copyright Act, does not require significant interpretation of the Copyright Act, and that therefore mandatory withdrawal is not warranted.

I further find that permissive withdrawal is not appropriate, because these issues are inextricably intertwined with the bankruptcy proceeding below and the claims pertain directly to the administration of the estate. *In re Franklin Computer Corp.*, 60 B.R. at 803. Furthermore, these claims are core proceedings under 28 U.S.C. § 157(b)((2)(E),(M), and "the interests of the parties and the public will be best served if decisions involving the core bankruptcy proceedings are made by the judge whose particular expertise will ensure the correct result." *In re Lenard*, 124 B.R. at 103 (citing *In Re Baldwin United Corp.*, 57 B.R. at 751, 757 (S.D. Ohio 1985).

III.    CONCLUSION

In conclusion, it is hereby

ORDERED that Defendants' Motion for Withdrawal of Reference, filed February

20, 2008 is **DENIED**.

Dated:  May 14, 2008

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge